Filed 5/3/16  P. v. Phillips CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AUGUST RAUGHT PHILLIPS,<br><br>    Defendant and Appellant. | 2d Crim. No. B265047<br>(Super. Ct. No. F497904001)<br>(San Luis Obispo County) |

August Raught Phillips appeals an order denying his motions to disclose a sealed search warrant affidavit, and traverse and quash a search warrant.  (*People v. Hobbs* (1994) 7 Cal.4th 948, 956.)  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On March 28, 2014, the San Luis Obispo County District Attorney filed an information charging Phillips with two counts of possession of child pornography, and one count of exhibiting a child in pornography.  (Pen. Code, §§ 311.11, subd. (a), 311.2, subd. (b).)[1]  The charges rested upon the recovery, pursuant to a search warrant, of images of child pornography contained in a computer found in Phillips's Morro Bay residence.

Phillips filed a motion to quash and traverse the search warrant pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  Phillips also

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

filed a motion requesting the trial court to review the sealed search warrant affidavit in camera. (*People v. Hobbs*, *supra*, 7 Cal.4th 948, 972.)

On December 29, 2014, the trial court held an in camera hearing outside Phillips's presence, during which it received testimony and reviewed the sealed search warrant affidavit. The court then denied Phillips's constitutional challenges to the search warrant.

Pursuant to a negotiated plea, Phillips withdrew his not guilty plea and pleaded nolo contendere to one count of possession of child pornography. On April 30, 2015, the trial court suspended imposition of sentence and granted Phillips three years formal probation, with terms and conditions including 120 days confinement in county jail. The court also imposed a $300 restitution fine, a $300 probation revocation restitution fine (suspended), a $40 court security assessment, and a $30 criminal conviction assessment. (§§ 1202.4, subd. (b), 1202.44, 1465.8, subd. (a); Gov. Code, § 70373.) The court dismissed the remaining charges. (§ 1385, subd. (a).)

Phillips appeals and contends that the trial court erred by denying his motions to 1) disclose the sealed search warrant affidavit and 2) traverse and quash the search warrant.

*DISCUSSION*

The trial court may seal all or part of a search warrant affidavit if necessary to protect confidential information. (*People v. Hobbs*, *supra*, 7 Cal.4th 948, 971.) In such cases, where the defendant moves to traverse or quash the search warrant, the court is required to conduct an in camera hearing. (*Id.* at p. 972.) The court must then determine whether there are sufficient grounds for maintaining the confidential information and the extent of the sealing necessary to preserve the confidentiality. (*Ibid.*) We independently review the court's decision regarding sealing of the affidavit and apply an abuse-of-discretion standard to the court's decision. (*Id.* at p. 976; *People v. Martinez* (2005) 132 Cal.App.4th 233, 241-242.)

If the trial court determines that all or part of the search warrant affidavit was properly sealed, it must decide if defendant's motion to traverse has merit, i.e.,

whether there is a reasonable probability the affidavit includes a false statement made knowingly and intentionally or with reckless disregard of the truth, and whether the false statement is necessary to the finding of probable cause. (*People v. Hobbs*, *supra*, 7 Cal.4th 948, 974.) If not, the court must so inform the defendant and deny the motion. (*Ibid.*) If the court determines there is a reasonable probability that the defendant will prevail on the motion, the prosecutor must be given the option of disclosing the sealed materials, or suffering the entry of an adverse order on the motion to traverse. (*Id.* at pp. 974-975.)

If the defendant has also moved to quash the search warrant, the trial court must determine whether, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime would be found in the place searched pursuant to the warrant. (*People v. Hobbs*, *supra*, 7 Cal.4th 948, 975.) If the court determines there was such probable cause, it should so inform the defendant and deny the motion. (*Ibid.*) If it determines there is a reasonable probability the defendant will prevail on his motion, the prosecutor must either disclose the sealed materials to the defense or suffer the entry of an adverse order on the motion to quash. (*Ibid.*)

At Phillips's request, we have reviewed the sealed search warrant affidavit as well as the sealed transcript of the in camera hearing conducted pursuant to *People v. Hobbs*, *supra*, 7 Cal.4th 948, 972.[2] We conclude that sufficient grounds exist to maintain the confidentiality of the information contained therein, and sealing was necessary for that purpose. Thus, the trial court did not err by denying Phillips's request to disclose the search warrant affidavit.

The trial court also did not err by denying the motions to traverse and quash the search warrant. The sealed affidavit did not contain any material misrepresentations or omissions and provided probable cause to search Phillips's residence and computer. (*People v. Sandoval* (2015) 62 Cal.4th 394, 409 [statement of rule that a defendant can challenge a search warrant by showing that the affiant deliberately or recklessly omitted

---

[2] We have augmented the appellate record to include the search warrant and the affidavit in support of the search warrant. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

material facts that negate probable cause when added to the affidavit]; *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 369-370 [statement of rule that probable cause for issuance of a warrant requires a showing that it is substantially probable there is specific property lawfully subject to seizure presently located in the particular place for which the warrant is sought].)

The judgment (order) is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


TANGEMAN, J.

Rita B. Federman, Judge

Superior Court County of San Luis Obispo

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Jessica C. Owen, Deputy Attorney General, for Plaintiff and Respondent.